**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

**JAMES ROEHL,**

    **Plaintiff,**

**vs.**                                                                               **Civil No. 08-725 JB/RLP**

**JOE VAN RUITEN, et al.,**

    **Defendants.**

## REPORT AND RECOMMENDED DISPOSITION

Plaintiff, who is proceeding *pro se* in this matter, filed this suit on August 4, 2008. He did not perfect service of process on any defendant within the 120 day period set forth in F.R.Civ.P. 4(m). On December 14, 2009, the court entered an Order directing Plaintiff to serve process on Defendants within 21 days or to show good cause for his failure to do so. (Docket No. 17). A copy of this Order was mailed to Plaintiff at the address he most recently provided to the Court. (Docket No. 13). Subsequent filings mailed to this address were returned to the Court, marked "return to sender, no such person here" (Docket No. 19) and "Return to sender, refused, unable to forward." (Docket No. 20).

If Plaintiff received the Order directing him to serve process or show good cause for failure to do so, he has willfully ignored the Order. If Plaintiff did not receive the Order, it is because he has failed to comply with D.N.M. LR-Civ. 83.6.[1] **See also Theede v. United States Dep't of Labor**, 172 F.3d 1262, 1267 (10th Cir.1999) (holding that a *pro se* litigant had the burden of changing his address under a similar District of Colorado local rule).

Where a plaintiff proceeds *pro se*, the court construes the *pro se* pleadings liberally. **Hall v. Doering**, 997 F.Supp. 1445, 1451 (D.Kan.1998) (**citing Hughes v. Rowe**, 449 U.S. 5, 9-10 (1980)).

---

[1] "All attorneys of record and parties appearing *pro se* have a continuing duty to notify the Clerk, in writing, of any change in their firm name, mailing addresses, telephone numbers, facsimile numbers, or electronic addresses." Plaintiff was made specifically aware of the requirement to keep the court advised on his current address. (Docket No. 10).

However, a plaintiff's *pro se* status does not relieve him from complying with this court's procedural requirements. **Barnes v. United States**, 173 F. App'x 695, 697 (10th Cir.2006) (citations omitted); **see also Santistevan v. Colo. Sch. of Mines**, 150 F. App'x 927, 931 (10th Cir.2005) (holding that a *pro se* litigant must follow the same rules of procedure as other litigants).

A court has the inherent power to dismiss an action for failure to prosecute in order to achieve an orderly and expeditious resolution of cases. **Link v. Wabash Railroad Co.**, 370 U.S. 626, 630-631 (1962). Plaintiff's failure to comply with the Court's Order and procedural rules should, in the exercise of the Court's discretion, be adequate grounds for dismissal of the instant action without prejudice due to Plaintiff's failure to prosecute his action. **See Thornton v. Estep**, 209 Fed. Appx. 755, 757, 2006 WL 3705038, *2 (10th Cir. Dec. 18, 2006)(unpublished op.)(holding district court did not abuse its discretion by dismissing *pro se* inmate's petition for failure to prosecute due to inmate's failure to comply with local rule regarding notification to the court of change of address).

## RECOMMENDATION

Based on the foregoing, it is recommended that the cause of action be dismissed without prejudice *sua sponte* for failure to prosecute. Plaintiff is advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court by January 29, 2010 in accordance with 28 U.S.C. § 636. The Plaintiff is further advised that failure to make timely objection to this Report and Recommendation waives his right to appellate review of both factual and legal issues contained herein. **Moore v. United States of America**, 950 F.2d 656 (10th Cir.1991).

_____
Richard L. Puglisi
Chief United States Magistrate Judge